UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Select Comfort Corporation; and<br>Select Comfort SC Corporation, | Civil No. 12-2899 (DWF/TNL) |
| Plaintiffs, | |
| v. | |
| John Baxter; Dires, LLC d/b/a<br>Personal Touch Beds and Personal Comfort<br>Beds; Scott Stenzel; and Craig Miller, | |
| Defendants. | |

| | |
|---|---|
| Dires, LLC, | Civil No. 22-1550 (DWF/TNL) |
| Plaintiff, | |
| v. | |
| Sleep Number Corporation, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

INTRODUCTION

This matter is before the Court on a Motion to Consolidate the two above-captioned actions[1] brought by Dires, LLC ("Dires"). (*See* Doc. No. 779 in Civ.

---

[1] Also pending before the Court are a Motion to Dismiss (Doc. No. 17) and a Motion to Amend Complaint (Doc. No. 32) in *Dires, LLC v. Sleep Number Corporation*, Civil No. 22-1550 (the "Antitrust Action") and a Motion for a Bench Trial (Doc.

No. 12-2899; Doc. No. 25 in Civ. No. 22-1550.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

The factual and procedural background of the litigation in *Select Comfort Corporation v. Dires, LLC, et al.,* Civil No. 12-2899 (the "Trademark Action") is set forth in prior orders and will not be repeated extensively here. In summary, in the Trademark Action, Sleep Number[2] brought claims against Dires and other individuals for trademark infringement, trademark dilution, false advertising, unfair competition, and various state-law claims based on Dires's advertising. At trial, the Court instructed the jury, among other things, that Sleep Number was required to prove a likelihood of confusion at the time of purchase in order to prevail on its trademark-related claims. After trial in the Trademark Action, the jury found that Dires's advertisements that used the phrase NUMBER BED did not infringe Sleep Number's trademarks or constitute unfair competition or false advertising (Doc. No. 575 ("Special Verdict") at 2-3, 8, 60).[3] With respect to Dires's counterclaim, the jury found that Sleep Number does *not* have trademark rights in NUMBER BED. (*Id*. at 66). Following trial and the Court's orders on various post-trial motions, the parties each appealed issues to the Eighth Circuit Court

---

No. 786) brought by Sleep Number in *Select Comfort Corporation v. Dires, LLC, et al.,* Civil No. 12-2899 (the "Trademark Action"). The Court will address those motions in separate forthcoming orders.

[2]    Select Comfort Corporation has changed its name to Sleep Number.

[3]    The jury did determine that other statements made by Dires to potential customers were false. (*See generally id*. at 10-60.)

of Appeals. The Eighth Circuit reversed and remanded the judgment as to the infringement and false advertising claims but affirmed the portions of the judgment dealing with the dilution claims and the alleged NUMBER BED trademark. *Select Comfort v. Baxter*, 996 F.3d 925, 942 (8th Cir. 2021) ("We leave undisturbed those portions of the judgment dealing with the dilution claims and the alleged NUMBER BED trademark.")[4] Specifically with respect to the issue of trademark infringement, the Eighth Circuit reversed the Court's summary judgment ruling and jury instructions on the theory of pre-sale, initial interest confusion, remanding for additional findings on infringement and other issues:

> At the end of the day, this mix of authority regarding consumer confusion in the context of internet shopping and mattress purchases demonstrates well why a jury rather than a judge should assess the level of consumer sophistication. This point is particularly strong in a case which, like the present case, enjoys a full record including highly detailed descriptions of Plaintiffs' and Defendants' customers' experience and ample evidence of (1) *actual confusion* . . . and (2) statements by Defendants' principals describing the actual confusion as evidence that their own advertising was working. . . . Against this backdrop, we conclude a jury question existed as to the issue of consumer sophistication and summary judgment on the theory of initial-interest confusion was error. . . . In so ruling, we make no comment as to how a finding of confusion at times other than the moment of purchase might affect the analysis of remedies and the determination of damages.

---

[4] The Judgment stated in relevant part: (1) "Dires, LLC's [] use of NUMBER BED does not constitute unfair competition."; (2) "With respect to [Sleep Number's] asserted claims for false advertising: . . . [Dires's] use of the phrase NUMBER BED in advertising is not [] false or misleading."; (3) "As to [Dires's] Counterclaim, the jury found that [Sleep Number] does not have trademark rights in NUMBER BED." (Antitrust Action, Doc. No. 24-1; Trademark Action, Doc. No. 599.)

3

*Id.* at 937-38. The remand includes the issue of whether Dires's use of NUMBER BED constitutes infringement of the SLEEP NUMBER mark.[5]

Dires asserts that following the jury verdict, Sleep Number engaged in illegal activity by continuing to assert rights in NUMBER BED in claims made to the United States Patent and Trademark Office, assertions to Google, and letters to Sleep Number competitors and legal services analyst. On November 5, 2019, Dires filed an Antitrust Action in Minnesota state court. (Civ. No. 22-1550 at Doc. No. 1-1.) After various motions and stays, Dires has one remaining claim in the Antitrust Action (which is based on Sleep Number's alleged illegal conduct after the verdict)[6] and Dires has moved to

---

[5]  The Court has previously explained:

> [T]he Court again notes that the issue of [Dires's] use of the phrase NUMBER BED is separate and distinct from whether [Sleep Number has] trademark rights in NUMBER BED. While it has been determined that [Sleep Number does] not have trademark rights in NUMBER BED, whether [Dires's] use of the phrase in a way that is confusingly similar to [Sleep Number's] marks and advertisements remains an open question. This is consistent with the Eighth Circuit leaving undisturbed the portion of the judgment dealing with the alleged NUMBER BED *trademark*—namely, the portion relating to [Dires's] counterclaim seeking a declaration that [Sleep Number does] not have trademark rights in the phrase NUMBER BED. Conversely, [Sleep Number's] trademark infringement claim has been remanded and will again be put before the jury. That claim encompasses allegations that [Dires] used advertisements with phrases that are confusingly similar to its SLEEP NUMBER mark, including phrases containing the words NUMBER BED. The fact that [Sleep Number does] not have trademark rights in the phrase NUMBER BED does not preclude a finding that [Dires's] use of that term is confusingly similar to the SLEEP NUMBER MARK.

(Trademark Action, Doc. No. 775 at 14, 18-19.)

[6]  Sleep Number has a separately pending motion to dismiss and Dires has moved to amend the complaint in the Antitrust Action. Those motions will be addressed in a separate order.

4

amend the complaint to add claims to the Antitrust Action. The Antitrust Action was subsequently removed to this Court on June 10, 2022. (*Id.*) Dires now moves to consolidate the Trademark Action with the Antitrust Action.

## DISCUSSION

### I.     Motion to Consolidate

Dires moves to consolidate the above actions, arguing that (1) there are common questions of law or fact; (2) consolidation would ensure consistent outcomes; and (3) a single factfinder should view the evidence in both cases at once. In support, Dires contends that both cases relate to the use of the term NUMBER BED and heavily feature Sleep Number's lack of trademark rights in NUMBER BED. Dires also argues that consolidation would ensure that the outcomes of the two cases are consistent. Further, while recognizing that it is unusual to consolidate cases at different litigation stages, Dires submits that it is appropriate here given the importance of having a single factfinder weigh all of the evidence in determining the parties' rights to use the term NUMBER BED. Finally, Dires argues that consolidation would serve the interests of economy, as the parties and counsel are the same and legal issues overlap.

Sleep Number opposes consolidation. Sleep Number argues that the issues involving NUMBER BED are distinct and consolidation would only confuse the issues, pointing out that the Antitrust Action rests on allegations that Sleep Number represented that it owns trademark rights to NUMBER BED after October 2017 and the Trademark Action involves the remaining issue of whether Dires's use of the phrase NUMBER BED infringes the SLEEP NUMBER mark. In addition, Sleep Number contends that Dires has

failed to demonstrate that consolidation would promote judicial convenience and economy.  In support, Sleep Number argues that the Trademark Action already disposes of the Antitrust Action, the Actions are at very different procedural postures, there are significant differences in both the claims and remedies in each Action, and Dires's motion is premature.

The Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a).  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 St. Ct. 1118, 1131 (2018).  In determining whether to consolidate actions, the Court considers:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (internal quotations and citations omitted).

Here, while both the Trademark Action and the Antitrust Action involve issues regarding the phrase NUMBER BED, those issues are largely distinct.  In the Antitrust Action, Dires alleges that after the jury verdict in the Trademark Action, Sleep Number made various representations that it owns trademark rights in the phrase NUMBER BED.  In contrast, the remaining issue with respect to Dires's use of the phrase NUMBER BED in the Trademark Action is whether such use constitutes trademark infringement of the SLEEP NUMBER mark.  While the issues each involve the phrase NUMBER BED, the

issues are legally and factually distinct. Specifically, the issue of whether Dires's use of NUMBER BED is confusingly similar to Sleep Number's use of the SLEEP NUMBER mark is separate from the issue of whether Sleep Number falsely asserted that it owned trademark rights in the phrase NUMBER BED. Indeed, even though Sleep Number does not own trademark rights to NUMBER BED, it is still possible that Dires's use of that phrase causes confusion with Sleep Number's SLEEP NUMBER trademark. In addition, even if these two Actions involve common issues of law and fact, such that consolidation might be considered, the Court finds that Dires has not shown that consolidation would promote judicial convenience and economy. In particular, the two Actions currently stand at very different procedural points of litigation, with the Trademark Action ready for trial and the Antitrust Action at the early stages of litigation. The Court finds that consolidation would unfairly delay the Trademark Action and would not further judicial economy. Accordingly, the Court denies the motion to consolidate.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Dires, LLC's Motion to Consolidate the two above-captioned actions (Doc. No. [779] in Civ. No. 12-2899; Doc. No. [25] in Civ. No. 22-1550) is **DENIED**.

Dated:  December 9, 2022              s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge