UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dires, LLC, | Civil No. 22-1550 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Sleep Number Corporation, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss and/or for Judgment on the Pleadings or, in the Alternative, to Continue the Stay (Doc. No. 17) brought by Defendant Sleep Number Corporation ("Sleep Number") and a Motion to Amend Complaint (Doc. No. 32) brought by Plaintiff Dires, LLC ("Dires"). For the reasons set forth below, the Court grants Sleep Number's motion to dismiss and denies Dires's motion to amend.

## BACKGROUND

In this Antitrust Action, Dires asserts that following a jury verdict in *Select Comfort Corporation v. Dires, LLC, et al.*, Civil No. 12-2899 (the "Trademark Action"), Sleep Number violated Minnesota's state antitrust laws by asserting rights in NUMBER BED, preventing Dires from advertising online, sending cease-and-desist letters, and engaging in other related conduct. (*See generally* Doc. No. 1-1 ("Compl.").) The factual and procedural background of the litigation in the Trademark Action is set forth in prior orders and will not be repeated extensively here. In summary, Sleep Number brought

various claims against Dires and other individuals, including claims for trademark infringement, false advertising, and unfair competition. With respect to the phrase NUMBER BED, Sleep Number asserted that Dires's use of the phrase was confusingly similar to its SLEEP NUMBER trademark. Dires brought a counterclaim seeking a declaration that Sleep Number did not possess any trademark rights in the phrase NUMBER BED. (Trademark Action, Doc. No. 60 at Am. Countercls. ¶¶ 9-19.)

The Court issued an order on summary judgment, concluding that Sleep Number was required to prove a likelihood of confusion at the time of purchase and finding that fact issues precluded summary judgment for either party on Sleep Number's claim for trademark infringement. (Trademark Action, Doc. No. 270.) At trial, the Court instructed the jury, among other things, that Sleep Number was required to prove a likelihood of confusion at the time of purchase in order to prevail on its trademark-related claims. The jury found that Dires's advertisements using the phrase NUMBER BED did not infringe Sleep Number's trademarks or constitute unfair competition or false advertising. (Trademark Action, Doc. No. 575 ("Special Verdict") at 2-3, 8, 60.)[1] With respect to Dires's counterclaim, the jury found that Sleep Number does not have trademark rights in NUMBER BED. (*Id*. at 66).

Following trial and the Court's orders on various post-trial motions, the parties each appealed issues to the Eighth Circuit Court of Appeals. The Eighth Circuit reversed and remanded the judgment as to the infringement and false advertising claims but

---

[1] The jury did determine that Dires made other false statements to potential customers. (*See generally id*. at 10-60.)

2

affirmed the portions of the judgment dealing with dilution claims and the alleged NUMBER BED trademark. *Select Comfort v. Baxter*, 996 F.3d 925, 942 (8th Cir. 2021) ("We leave undisturbed those portions of the judgment dealing with the dilution claims and the alleged 'NUMBER BED' trademark."). Specifically with respect to the issue of trademark infringement, the Eighth Circuit reversed the Court's summary judgment ruling and jury instructions on the theory of pre-sale, initial interest confusion, remanding for additional findings on infringement and other issues:

> At the end of the day, this mix of authority regarding consumer confusion in the context of internet shopping and mattress purchases demonstrates well why a jury rather than a judge should assess the level of consumer sophistication. This point is particularly strong in a case which, like the present case, enjoys a full record including highly detailed descriptions of Plaintiffs' and Defendants' customers' experience and ample evidence of (1) *actual confusion* . . . and (2) statements by Defendants' principals describing the actual confusion as evidence that their own advertising was working . . . . Against this backdrop, we conclude a jury question existed as to the issue of consumer sophistication and summary judgment on the theory of initial-interest confusion was error. For the same reasons, . . . we conclude that limiting the infringement instruction to require confusion at the time of purchase was error. . . . In so ruling, we make no comment as to how a finding of confusion at times other than the moment of purchase might affect the analysis of remedies and the determination of damages.

*Id*. at 937-38.

The Court then considered the parties' post-remand motions for summary judgment and Dires's motion for a permanent injunction. (Trademark Action, Doc. Nos. 742, 748, 754, 775.) In light of the Eighth Circuit's decision regarding the initial interest doctrine, Sleep Number moved for summary judgment on its claim for trademark infringement of the SLEEP NUMBER mark based in part on Dires's use of the phrase NUMBER BED in its online advertising. Dires moved for summary judgment on Sleep

3

Number's trademark infringement and unfair competition claims, arguing that the Court should accept the jury's verdict or dismiss Sleep Number's claims that relate to NUMBER BED.  In addition, Dires moved for a permanent injunction to stop Sleep Number's trademark enforcement efforts related to any advertising using NUMBER BED.  The Court denied both parties' motions for summary judgment and Dires's motion for a permanent injunction.  (Trademark Action, Doc. No. 775.)  In denying the motions for summary judgment, the Court found that fact issues for the jury remained.  With respect to the trademark infringement claim, the Court explained:

> [Sleep Number has] asserted an affirmative trademark infringement claim based on [its] rights in the SLEEP NUMBER trademark.  [Dires's] use of phrases found to be confusingly similar to the SLEEP NUMBER trademark, including words used in Number Bed Advertising, is a remaining question in this case.  The issue resolved with respect to [Dires's] counterclaim was whether [Sleep Number] had trademark rights in NUMBER BED, not whether any use of the words NUMBER BED in advertising infringed other trademarks, namely the SLEEP NUMBER trademark.
>
> . . .
>
> [T]he Court again notes that the issue of [Dires's] use of the phrase NUMBER BED is separate and distinct from whether [Sleep Number has] trademark rights in NUMBER BED.  While it has been determined that [Sleep Number does] not have trademark rights in NUMBER BED, whether [Dires's] use of the phrase in a way that is confusingly similar to [Sleep Number's] marks and advertisements remains an open question.  This is consistent with the Eighth Circuit leaving undisturbed the portion of the judgment dealing with the alleged NUMBER BED *trademark*— namely, the portion relating to [Dires's] counterclaim seeking a declaration that [Sleep Number does] not have trademark rights in the phrase NUMBER BED.  Conversely, [Sleep Number's] trademark infringement claim has been remanded and will again be put before the jury.  That claim encompasses allegations that [Dires] used advertisements with phrases that are confusingly similar to its SLEEP NUMBER mark, including phrases containing the words NUMBER BED.  The fact that [Sleep Number does] not have trademark rights in the phrase NUMBER BED does not preclude a finding that [Dires's] use of that term is confusingly similar to the SLEEP NUMBER MARK.

4

(*Id*. at 15-16, 18-19.)  The Court further explained:

> [Dires] assert[s] that after the jury's verdict, [Sleep Number has] made representations that [it owns] trademark rights in NUMBER BED.  However, it appears that most of the cited examples of such representations show instances where [Sleep Number has] alleged that the use of NUMBER BED is confusingly similar to the SLEEP NUMBER mark.

(*Id*. at 21.)

In 2016, Dires brought an antitrust action against Sleep Number in California federal court (the "California Antitrust Action"), asserting similar claims to those asserted in the present action.  *See Am. Nat'l Mfg. v. Select Comfort Corp.*, Civ. No. 16-582, 2016 WL 9450472 (C.D. Cal. 2016).  The court in California dismissed Dires's claims, ruling that Sleep Number's conduct was protected under the *Noerr-Pennington* doctrine.  *Id*.

On November 5, 2019, Dires filed this Antitrust Action in Minnesota state court. (Civ. No. 22-1550 at Doc. No. 1-1.)  The Antitrust Action was subsequently removed to this Court on June 10, 2022.  (*Id*.)  The single claim remaining in this case is centered on Sleep Number's alleged illegal conduct after the verdict in the Trademark Action.[2] Specifically, Dires alleges that following the jury verdict, Sleep Number violated antitrust laws by continuing to assert rights in NUMBER BED, preventing Dires from advertising

---

[2] Before removal, the state court dismissed four claims with prejudice.  (Doc. No. 1-3.)  With respect to Dires's antitrust claim, the state court held that the claim was barred by the *Noerr-Pennington* doctrine for any activities that occurred before October 23, 2017, the date of the jury verdict in the Trademark Action.  (*Id*. at 20-21.) With respect to Dires's antitrust claim for activities that occurred post-verdict, the state court denied the motion to dismiss.  In a subsequent order staying the action, the state court explained that the issue of whether Sleep Number's post-verdict activities were protected under the *Noerr-Pennington* doctrine could be impacted by the then-pending appeal in the Trademark Action.  (Doc. No. 1-4 at 4-7.)

using that phrase through various search engines, and sending cease-and-desist letters to Dires and other competitors relating to Sleep Number's trademark rights. (*Id.* ¶¶ 88-106, 108-18, 122.) This case was stayed pending the appeal. (Doc. No. 16.)

Sleep Number now moves to dismiss this action. Dires opposes Sleep Number's motion to dismiss and moves to amend the complaint.

## DISCUSSION

### I.     Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).[3] In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

[3]     The same standard applies to motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.[4]

Sleep Number moves to dismiss the single, remaining claim in this case based on the *Noerr-Pennington* doctrine. The *Noerr-Pennington* doctrine arose in the context of antitrust claims and provides immunity from claims that are based on the filing of lawsuits. In *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961), and *United Mine Workers of America v. Pennington*, 381 U.S. 657 (1965), the Supreme Court established that the First Amendment right to petition includes a litigant's right to bring suit in state or federal court. Under the *Noerr-Pennington* doctrine, the act of filing a lawsuit is immune from antitrust or tort liability unless it is

---

[4] Courts have emphasized the high cost and burden of discovery in antitrust cases when considering motions to dismiss. *See, e.g.*, *Twombly*, 550 U.S. at 558. Dires argues that Sleep Number is arguing for a heightened pleading standard under such cases. The Court reads those cases, however, as simply recognizing the burdens of antitrust cases while applying the pleading standard under *Twombly*. This Court does the same and applies the plausibility standard as articulated in *Twombly*.

found to be a mere sham intended to disguise tortious or anti-competitive liability. *Noerr*, 365 U.S. at 144. The doctrine extends to pre-suit communications including trademark cease-and-desist letters sent to third parties. *See Select Comfort Corp. v. Sleep Better Store, LLC*, 838 F. Supp.2d 889, 898-99 (D. Minn. 2012).

The filing of a suit will fall within the sham exception only if it is so "'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits'" or if accompanied by "'illegal and reprehensible practices such as perjury, fraud, conspiracy with or bribery . . . or misrepresentation.'" *See id*. at 899-900 (citing *Pro. Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 59 (1993) and *Razorback Ready Mix Concrete Co., Inc. v. Weaver*, 761 F.3d 484 (8th Cir. 1985)). If a court finds a lawsuit to be objectively meritless, then the court looks to the subjective motivation of the party to determine whether liability should attach. *See Pro. Real Estate Invs.*, 508 U.S. at 61.

Here, Dires's only remaining claim is based on Sleep Number's purported representations that it owns trademark rights in NUMBER BED and related actions after the verdict in the Trademark Action. While the Eighth Circuit affirmed the jury's verdict finding that Sleep Number does not have trademark rights in NUMBER BED, the separate issue of whether Dires's advertising that uses the phrase NUMBER BED infringes Sleep Number's trademark rights in SLEEP NUMBER remains in the case and will be determined by a jury. Sleep Number's post-verdict actions in enforcing its trademark rights are not objectively baseless, as there is a reasonable belief that there is a chance that its trademark claims will be found to be valid after adjudication. *See, e.g.*,

*Porous Media Corp.*, 186 F.3d at 1080 n.4 ("A lawsuit lacking in probable cause and pursued without a reasonable belief of possible success is simply an objectively baseless or 'sham' lawsuit."). The Court finds that Dires has failed to state a claim for relief related to Sleep Number's post-verdict conduct. Thus, this action is appropriately dismissed with prejudice.

The Court acknowledges Dires's argument that Sleep Number claims trademark rights in the phrase NUMBER BED. However, this argument conflates two separate issues—whether Sleep Number claims rights in the phrase NUMBER BED and whether Dires's advertisements using the phrase NUMBER BED infringe, or are confusingly similar to, Sleep Number's protected trademark SLEEP NUMBER. Arguing that Dires's use of the phrase NUMBER BED infringes the SLEEP NUMBER trademark is not the same as claiming trademark rights in NUMBER BED. Indeed, "[t]he fact that [Sleep Number] does not have trademark rights in the phrase NUMBER BED does not preclude a finding that [Dires's] use of that term is confusingly similar to the SLEEP NUMBER mark." (Trademark Action, Doc. No. 775 at 18-19.) Because fact issues remain as to the latter issue, Sleep Number's actions to enforce its trademark rights do not, as a matter of law, give rise to an antitrust claim.[5]

---

[5] The Court also notes that while Dires alleges that Sleep Number has made repeated representations that it owns rights in NUMBER BED, the cited examples instead show that Sleep Number has maintained that the way in which Dires uses the phrase NUMBER BED is confusingly similar to Sleep Number's SLEEP NUMBER mark. It does not assert that it owns rights in NUMBER BED.

B.     **Motion to Amend Complaint**

Separately, Dires moves to amend its Complaint to plead Lanham Act violations, a claim for common law business disparagement, and an antitrust claim under the Sherman Act. (Doc. No. 36-1 (proposed Amended Complaint).) This motion is based on allegations that Sleep Number continues to attempt to claim trademark rights in the phrase NUMBER BED. Specifically, Dires cites to Sleep Number's communications with the United States Patent & Trademark Office, Google, and third-party competitors. However, these communications demonstrate that Sleep Number continued to assert that certain uses of the phrase NUMBER BED cause confusion with Sleep Number's trademarks. (*See* Doc. No. 29-1, Ex. B ¶¶ 18-19, 23-25) (seeking to cancel Dires's registered trademark in "The Original Number Bed," because it causes confusion with Sleep Number's SLEEP NUMBER trademark); Doc. No. 29-1, Ex. C (a cease-and-desist letter claiming that the use of NUMBER BED is confusingly similar to SLEEP NUMBER); Doc. No. 29-1, Ex. D at 3 (a cease-and-desist letter to a third party explaining that the use of the term NUMBER BED is confusingly similar to SLEEP NUMBER).) Dires also points to Sleep Number's communications with Google, wherein Dires alleges that Sleep Number maintained rights in NUMBER BED based on its allegations that its ads were disallowed. However, the Court notes that while **Dires** alleges that it was unable to place an advertisement with Google after Sleep Number complained, the allegations in its Complaint show that the advertisement was disallowed because it contained the trademarked term "sleep number." (Doc. No. 36-1 ¶ 132.)

The Court has discretion to grant a plaintiff leave to amend a complaint and "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, there is no absolute right to amend, and the Court may deny leave to amend where there is "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (citation omitted). An amendment is considered futile if "the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

Here, as explained above, the examples cited to support the claims that Sleep Number is asserting affirmative rights in the phrase NUMBER BED actually reflect Sleep Number's efforts to protect its rights in its registered SLEEP NUMBER trademark. Again, after the Eighth Circuit's decision and the Court's subsequent denial of the parties' summary judgment motions, the issue of whether Dires's use of the phrase NUMBER BED in its advertising is likely to cause confusion with the SLEEP NUMBER mark is an open question that will be put before a jury. Also as explained above, these claims are immune from liability under the *Noerr-Pennington* doctrine. By extension, the statements in the proposed amended complaint are, likewise, protected and the proposed amended claims are futile. Therefore, the Court denies Dires's motion to amend.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

11

1. Sleep Number's motion to dismiss (Doc. No. [17]) is **GRANTED**.

2. Dires's motion to amend (Doc. No. [32]) is **DENIED**.

3. This action (Doc. No. [1-1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 18, 2023                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge